# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL DURLAND (1),
ANTHONY HERNANDEZ (2),
CESAR SANDOVAL (3),

Defendants.

Case No. '21 MJ3920

**COMPLAINT**

Title 21, U.S.C., §841(a)(1) – Possession with Intent to Distribute Methamphetamine;

Title 18, U.S.C., §922(g)(1) and 924(a) – Convicted Felon in Possession of Ammunition

The undersigned complainant being duly sworn states:

<u>Count 1</u>

On or about September 16, 2021, within the Southern District of California, defendants, DANIEL DURLAND, CESAR SANDOVAL, and ANTHONY HERNANDEZ, did knowingly and intentionally possess, with intent to distribute approximately 267.2 grams of a mixture and substance containing a detectable amount of methamphetamine; a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

<u>Count 2</u>

On or about September 16, 2021, within the Southern District of California, defendants, DANIEL DURLAND, ANTHONY HERNANDEZ, and CESAR SANDOVAL, knowing that they had been convicted of a crime punishable by imprisonment for a

term exceeding one year did knowingly possess four handguns of varying calibers and assorted ammunition having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a).

And the complainant states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

TFO STRANGE

JOSHUA STRANGE, Task Force Officer
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 29th day of September 2021.

Barbara L Major

BARBARA L. MAJOR
United States Magistrate Judge

# PROBABLE CAUSE STATEMENT

*USA v. DURLAND, HERNANDEZ & SANDOVAL*

1. On September 16, 2021, DEA Agents and Task Force Officers with the San Diego County Integrated Narcotic Task Force served a State of California search warrant at 826 Galopago Street Spring Valley, CA ("Residence") authorizing a search of the residence, all outlying buildings on property and vehicles known to be associated with. Upon entering the Residence, law enforcement encountered three adults in various areas of the Residence: DANIEL DURLAND ("DURLAND"), ANTHONY HERNANDEZ ("A. HERNANDEZ") and Lenira Hernandez ("L. Hernandez").

2. Law enforcement contacted DURLAND and L. Hernandez laying in a bed located in a rear bedroom/common area of the Residence. Approximately 56 grams of a white crystalline substance suspected of being methamphetamine was found in DURLAND's pocket. During a search of the room, I found the following items: a privately manufactured firearm, bearing no serial number, commonly referred to as a "Ghost Gun." The firearm was similar to a Glock-style handgun with a loaded magazine (10 rounds of Federal 9mm ammunition) inserted; however, no round was in the chamber. The Ghost Gun was tucked into the side cushion of a couch approximately 5 feet from the bed where DURLAND was initially contacted by law enforcement. In a dresser drawer in the same room, approximately $3,000.00 of U.S. Currency was discovered in the top drawer. On top of the dresser, a clear glass vial with a clear liquid suspected of being Phencyclidine, also known as "PCP," was found with no cap on the vial. Additionally, I found a methamphetamine pipe with a white crystalline substance inside, a 6 oz. pepper spray can approximately 3/4 full, a clear plastic baggie with a white powdery substance, suspected of being fentanyl, and a clear plastic baggie with a brown powdery substance, suspected of being heroin, sitting on top of the same dresser. A large mirror was attached to the dresser with several pictures of DURLAND and unknown associates taped to it. It appeared these pictures were taken in a prison or jail facility, based on the clothing worn by all the subjects. In a closet attached to the same room, I located prison documents with DURLAND's information on them. Law enforcement also found a privately manufactured firearm, 1911 style, bearing no serial number, with a loaded magazine (10 rounds of Winchester .45 caliber ammunition) and one round in the chamber directly outside of DURLAND's room in the backyard of the Residence. This firearm is different than the one found inside the residence, tucked into the couch cushion.

3. A. HERNANDEZ was contacted the living room of the Residence, however, did not initially comply with commands from law enforcement and went into a separate bedroom. Eventually, A. HERNANDEZ complied with commands and came outside of the bedroom where he was detained. During a search of the bedroom that A. HERNANDEZ went into, I found the following: a clear plastic baggie with a white crystalline substance, suspected of being methamphetamine, in a black container at the foot of the bed along with an electronic scale with a white powdery residue, suspected of containing fentanyl. In the top drawer of a nightstand directly next to the bed, a blue/silver Heritage Rough Rider .22-caliber revolver, loaded with five .22 caliber rounds, and a pill bottle containing lose .22 caliber rounds.

4. In the hallway of the Residence, I located the following: a green plastic ammo case containing a large amount of .22 caliber Federal ammunition, two 9mm pistol magazines, a Winchester .45 caliber ammunition box and loose ammunition on the floor. In the water heater closet, I located a Taurus 1911 .45 caliber handgun, a .45 caliber pistol magazine and 7 rounds of ammunition that were located tucked away behind the water heater.

5. In a separate unoccupied bedroom, I located the following: a clear plastic baggie and a red plastic baggie both containing a white crystalline substance, suspected of being methamphetamine, two .45 caliber pistol magazines (empty), one empty 9mm pistol magazine, and several boxes of Winchester .45 caliber ammunition.

6. In the last bedroom located at the end of the hallway, I located the following: a clear plastic baggie containing a white powdery substance, suspected of being fentanyl, a blue bandana containing a white crystalline substance, suspected of being methamphetamine, and four electronic scales with a white powdery residue. This bedroom was unoccupied at the time of the search warrant but is believed to be utilized by CESAR SANDOVAL. This belief was based on; several documents such as mail and a lease agreement for the residence signed by SANDOVAL which were located in the bedroom. SANDOVAL was not present at the time of the search warrant and no arrest was made.

7. During an exterior search of the Residence, I located the following: a silver pistol magazine, unloaded, laying in the grass of the front yard, a clear plastic

baggie containing a black tar-like substance suspected of being heroin and a clear plastic baggie containing a white powdery substance suspected of being fentanyl. In the driveway of the Residence, a black SAAB sedan bearing California license plate number 8RLJ035 was parked. Based on a records check, this vehicle is registered to CESAR SANDOVAL. Inside the vehicle, I located a black plastic bag containing a large amount of a white powdery substance, suspected of being cocaine. I also found a black micro conversion kit in the vehicle. This firearm accessory converts Glock style handguns into shoulder-fired weapons.

8. After the search, custody of DURLAND was transferred to the U.S Marshals due to an outstanding federal arrest warrants for violation of supervised release stemming from a prior conviction for felon in possession of a firearm. A. HERNANDEZ was subsequently arrested on California State Penal Code and Health & Safety Code violations and transported to the Coronado Police Department for processing. Once Processed, A. HERNANDEZ was booked into San Diego County Jail. L. Hernandez was not charged and released from the scene without incident.

9. Based on my training and experience, and in the experience of law enforcement officers with whom I work, I know that the firearms and ammunition seized pursuant to the search warrant were not manufactured in the State of California, therefore, traveled in interstate commerce. Additionally, I know that DURLAND and A. HERNANDEZ are both convicted felons, therefore, are not legally allowed to be in possession of firearms. Lastly, I believe that the narcotics seized were intended to be distributed to other individuals based on the types, quantities, and indicia of sales recovered during the search warrant.

10. A review of DURLANDS criminal record reveals that he has been convicted of the following offenses in either California courts or Federal district courts, each punishable by a term of imprisonment in excess of one year:

| DATE | OFFENSE |
|---|---|
| 1999 | CPC 10851 Auto Theft |
| 2000 | CH&S 11379 Transportation of Controlled Substance |
| 2001 | CPC 4530(a) Prison Escape with Force |
| 2001 | CPC 10851 Auto Theft |
| 2003 | CPC 3056 Parole Violation |
| 2007 | CPC 245(c) Assault w/Deadly Weapon on Peace Officer |

| | |
|---|---|
| 2007 | CPC 69 Assault on Peace Officer |
| 2007 | CPC 496(a) Poss. Of Stolen Property |
| 2010 | 18 USC 922(g)(1) & 924 Felon in Poss. Of Firearm |
| 2017 | 18 USC 922(g)(1) & 924 Felon in Poss. Of Firearm |
| 2018 | CPC 2800.2 Felony Evading Police Officer |

11. A review of HERNANDEZ criminal record reveals that he has been convicted in California courts of the following offenses, each punishable by a term of imprisonment in excess of one year:

| DATE | OFFENSE |
|---|---|
| 1983 | CPC 243 & 148 Battery on a Peace Officer |
| 1986 | CH&S 11550 Under the Influence Substance |
| 1988 | CPC 496(a) Possession of Stolen Property |
| 1989 | CH&S 11360(a) Sales of Marijuana/Hash |
| 1989 | CPC 4532(a) Escape Jail with Force/Violence |
| 1992 | CH&S 11351 Poss. Of Narcotic for Sale |
| 1993 | CPC 2800.2 Felony Evading Police Officer |
| 1997 | CPC 246 Shooting at Inhabited Dwelling |
| 1997 | CPC 12021(a) Felon in Poss. Of Firearm |
| 2003 | CPC 192(a) Voluntary Manslaughter |
| 2017 | CVC 23152(a) DUI |
| 2017 | CPC 135 Destroy/Conceal Evidence |
| 2018 | CPC 242 Battery on person |
| 2018 | CPC 3035(a)(1) Felon in Possession of Ammo |
| 2018 | CPC 2800.2 Felony Evading Police Officer |
| 2018 | CPC 29800(a) (1) Felon in Poss. Of Firearm |
| 2019 | CPC 3035(a)(1) Felon in Possession of Ammo |
| 2019 | CPC 29800(a) (1) Felon in Poss. Of Firearm |

//
//
//

12. A review of SANDOVAL'S criminal record reveals that he has been convicted of the following offenses in California courts, each punishable by a term of imprisonment in excess of one year:

| DATE | OFFENSE |
|---|---|
| 2004 | CPC 207 (a) Kidnapping |
| 2004 | CPC 211 Robbery |
| 2007 | CPC 215(a) Carjacking |
| 2007 | CPC 211 Robbery |
| 2007 | CPC 496(a) Poss. Of Stolen Property |